UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARMEEN D. WASHINGTON,<br><br>                              Plaintiff,<br><br>          -against-<br><br>NEW YORK POLICE DEPARTMENT; MS.<br>VASQUEZ,<br><br>                              Defendants. | 23-CV-5820 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question

jurisdiction. By order dated July 11, 2023, the Court granted Plaintiff's request to proceed *in*

*forma pauperis* (IFP), that is, without prepayment of fees. Plaintiff also submits an application

for the Court to request *pro bono* counsel. For the reasons set forth below, the Court grants

Plaintiff leave to file an amended complaint within 60 days of the date of this order.

### STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint,

that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised.

*See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that

the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must

accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79

(2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of

action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating

legal conclusions from well-pleaded factual allegations, the Court must determine whether those

facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff invokes the Court's federal question jurisdiction and asserts violations of her

"civil rights" and "grand lawseny." (ECF 1 at 2.) She states that her claims arose on July 4, 2023,

on the corner of 42nd Street and Third Avenue in Manhattan. Plaintiff was "talking to the radio in

[her] auditory tube ben[ea]th [her] skin," when someone in "plain clothing," whom she had

previously seen in an "NYPD suit," turned suddenly to "jump in [Plaintiff's] face." (*Id.* at 5.)

The person also "threatened to fight and hit" Plaintiff. (*Id.*)

Plaintiff filed a complaint about this incident with NYPD Detective Vasquez. (*Id.*) The

following day, the individual "came around [Plaintiff's] neighborhood." (*Id*.) Plaintiff contends

that she suffered "harassment," and a "slight stroke." (*Id.* at 6.)

Plaintiff sues the NYPD and Detective Vasquez, seeking "the largest amount of cash money [she] can get." (*Id.*)

## DISCUSSION

**A.      New York Police Department**

Plaintiff's claims against the NYPD must be dismissed because the NYPD lacks the capacity to be sued in the name of the agency. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

Moreover, there does not appear to be any proper basis for substituting the City of New York as a defendant in place of the NYPD. To assert a civil rights claim against the City of New York under 42 U.S.C. § 1983, it is not enough for the plaintiff to allege that one of the City of New York's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. Of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. Of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. Of Cnty. Comm'rs of Bryan Cnty. V. Brown,*

520 U.S. 397, 403 (1997). The allegations of the complaint do not show that the City of New

York, through its policies, customs, or practices, caused a violation of Plaintiff's rights, and

therefore there is no proper basis for substituting the City of New York as a defendant in place of

the NYPD.

**B.     Detective Vasquez**

Plaintiff alleges that she filed a complaint with NYPD Detective Vasquez about her

interaction with someone at 42nd Street and Third Avenue. Plaintiff names Detective Vasquez as

a defendant in this suit but Plaintiff's allegation that Detective Vasquez accepted her complaint

does not show that this defendant was personally involved in a violation of Plaintiff's civil rights.

*See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well

settled in this Circuit that personal involvement of defendants in the alleged constitutional

deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks

omitted). Plaintiff's allegations against Detective Vasquez thus fail to state a claim upon which

relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     Excessive Force**

The gravamen of Plaintiff's complaint is that an individual who was walking on a public

street turned suddenly and "threatened to fight and hit" her. (ECF 1 at 5.)  Plaintiff suggests that

the individual, although wearing plain clothes," was someone who she had seen previously in a

different neighborhood wearing an NYPD uniform.

Here, as an initial matter, Plaintiff has not named the "John Doe" or "Jane Doe" police

officer who allegedly threatened her as a defendant in this matter. Moreover, even if Plaintiff had

named a "Doe" officer, she does not plead enough facts about this individual to enable the

NYPD to identify the person. Finally, as explained below, these allegations are insufficient to

state a claim for a violation of Plaintiff's constitutional rights.

"[C]laims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989). In evaluating an excessive force claim against a police officer under the Fourth Amendment, the central question is "whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 396 (quotations omitted). The reasonableness of an officer's force depends on the totality of the circumstances and involves a "careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Id.*

In some contexts, courts in this Circuit have found a Fourth Amendment violation in situations involving verbal threats. *See, e.g.*, *Green v. City of Mount Vernon*, 96 F. Supp. 3d 263, 296 (S.D.N.Y. 2015) (concluding that "verbal threats, combined with the brandishing of the weapon, could be unreasonable and therefore constitute excessive force"); *Lilakos v. New York City*, No. 14-CV-05288, 2016 WL 5928674, at *6 (E.D.N.Y. Sept. 30, 2016) (plaintiff stated a claim for excessive force where he alleged that "[w]hen he told [officers] he had a cramp in his leg . . . one cop threatened to hurt [him] with his gun if he didn't stay on his knees"), aff'd, 808 F. App'x 4 (2d Cir. 2020). Moreover, a plaintiff need not always sustain lasting injuries to state a claim for excessive force. *Graham v. City of New York*, 928 F. Supp. 2d 610, 618 (E.D.N.Y. 2013) ("Defendants are liable as long as the force used exceeded the force needed for the factual circumstances, and the fact that Plaintiff may not have sustained serious long lasting harm is not dispositive."). Even though verbal threats have been found sufficient to constitute excessive force in some contexts, Plaintiff's allegation that an individual on 42nd Street threatened to hit

her does not provide enough factual context to state a claim under Section 1983 for a violation of her right under the Fourth Amendment to be free from excessive force.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims.

Plaintiff is granted leave to amend her complaint to provide more facts about her claims. First, Plaintiff must name as the defendant(s) in the caption and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights.  If Plaintiff does not know the name of a defendant, she may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[1] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants

---

[1] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2022, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

before the statute of limitations period expires. In the "Statement of Claim" section of the

amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts

supporting each claim against each defendant. If Plaintiff has an address for any named

defendant, Plaintiff must provide it. Plaintiff should include all of the information in the

amended complaint that Plaintiff wants the Court to consider in deciding whether the amended

complaint states a claim for relief. That information should include:

   a) the names and titles of all relevant people;

   b) a description of all relevant events, including what each defendant did or failed to do,
      the approximate date and time of each event, and the general location where each
      event occurred;

   c) a description of the injuries Plaintiff suffered; and

   d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory
      relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her

federally protected rights; how, when, and where such violations occurred; and why Plaintiff is

entitled to relief. If Plaintiff seeks to assert a claim against the City of New York, she must plead

facts showing that a policy or custom of the City of New York caused a violation of her rights.

Because Plaintiff's amended complaint will completely replace, not supplement, the

original complaint, any facts or claims that Plaintiff wants to include from the original complaint

must be repeated in the amended complaint.

**D.      Application for the Court to request pro bono counsel**

Plaintiff has submitted an application for the Court to request *pro bono* counsel. The

factors to be considered in ruling on an indigent litigant's request for counsel include the merits

of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and

present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d

Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because Plaintiff's complaint fails to state a claim against any named defendant, Plaintiff's motion for counsel is at this stage denied, without prejudice to renewal after she files an amended complaint.

Nevertheless, Plaintiff may wish to consider contacting the New York Legal Assistance Group's (NYLAG) Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the court. It cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this order.

## CONCLUSION

Plaintiff's application for the Court to request *pro bono* counsel (ECF 4) is denied. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-5820 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 8, 2023
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore _not_ contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include _only_: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                    (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____
First Name               Middle Initial      Last Name

_____
Street Address

_____
County, City                  State          Zip Code

_____
Telephone Number          Email Address (if available)

Page 3

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                Zip Code

Defendant 2: _____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                Zip Code

Defendant 3: _____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                Zip Code

Defendant 4:

_____

First Name                      Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were
harmed, and what each defendant personally did or failed to do that harmed you. Attach
additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.